UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NAAEM SOHAIL KHAN,<br><br>                          Petitioner,<br><br>    v.<br><br>ICE FIELD OFFICER DIRECTOR ,<br><br>                          Respondent. | CASE NO. 2:20-cv-01548-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

Petitioner filed a habeas corpus petition under 28 U.S.C. § 2241 in which he asks the Court to either order his immediate release from Immigration and Customs Enforcement (ICE) detention or that he be granted another bond hearing. Dkt. 5 at 2. He contends his detention at the Northwest ICE Processing Center (NWIPC) since October 7, 2019 is "excessive" and the bond the IJ ordered is non-existent or too high. *Id.* at 6. Respondents contend petitioner is lawfully detained, has had two bond hearings, and the Court should therefore deny relief.

For the reasons below, the Court recommends the petition be DENIED and the case be DISMISSED with prejudice.

REPORT AND RECOMMENDATION - 1

**BACKGROUND**

Petitioner asks the Court to order his immediate release or alternatively, to order respondents to grant him another bond hearing. On December 9, 2020, respondents filed a response to petitioner's habeas petition with a supporting declaration by Deportation Officer Shields. Dkt. 8. Respondents aver petitioner is a native and citizen of Pakistan. *See Id.* Shields Decl. Respondents aver the state courts have issued several protection orders enjoining petitioner from having contact with his former spouse and children. On November 13, 2018, the state court issued a protection order enjoining petitioner from having contact with his former spouse and children.

On April 4, 2019, petitioner was convicted of felony stalking- domestic violence and sentenced to 12 months of imprisonment by the Snohomish County Superior Court. On April 24, 2019, petitioner was convicted of violation of a court order domestic violence and sentenced to 364 days, suspended. On October 7, 2019, the Snohomish County Superior Court issued a protection order against petitioner finding he is a credible threat to his former spouse and children; the protection order is valid until 2024.

On October 7, 2019, petitioner was taken into ICE custody. The immigration judge (IJ) conducted a bond hearing on October 24, 2019, found petitioner was a danger and a flight risk and ordered him detained without bond. Petitioner was represented by counsel at the hearing but no appeal of the IJ's detention decision was perfected.

On January 9, 2020, the IJ granted petitioner cancellation of removal. The Department of Homeland Security (DHS) appealed. On June 25, 2020, the Bureau of Immigration Appeals sustained DHS's appeal, vacated the IJ's decision and ordered petitioner removed to Pakistan.

On June 24, 2020, petitioner filed a petition for review (PFR) and motion for stay of

removal in the Court of Appeals for the Ninth Circuit. The petition resulted in an automatic temporary stay of removal. Respondents thereafter filed a motion opposing the stay and seeking dismissal of petitioner's PFR. Both motions are pending before the Court of Appeals.

On September 22, 2020, petitioner appeared before the IJ for another bond hearing that was held pursuant to *Aleman Gonzalez v. Barr*, 955 F.3d 762 (9th Cir. 2020). The IJ found ICE had met its burden to establish by clear and convincing evidence that petitioner is both a danger and a flight risk and denied bond.

On October 13, 2020, petitioner filed the present habeas petition. On December 9, 2020, respondent filed a response which was noted for January 1, 2021 for the Court's consideration. Petitioner has not filed anything in reply to the response and the matter is thus ripe for the Court's consideration.

## DISCUSSION

When an alien is arrested and taken into immigration custody pursuant to § 1226(a), ICE makes an initial custody determination, including the setting of bond. *See* 8 C.F.R. § 236.1(c)(8). After the initial custody determination, the detainee may request a bond redetermination by an IJ. 8 C.F.R. § 236(d)(1). At the bond redetermination hearing, the burden is on the detainee to show to the satisfaction of the IJ that he warrants release on bond. *See In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006). In making a bond decision under § 1226(a), an IJ must consider whether the detainee "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Id.* (citing *In re Patel*, 15 I. & N. Dec. 666 (B.I.A. 1976)). An IJ also may consider any number of discretionary factors, including: (1) whether the detainee has a fixed address in the United States; (2) the detainee's length of residence in the United States; (3) the detainee's family ties in the United States, and whether they may entitle

REPORT AND RECOMMENDATION - 3

the detainee to reside permanently in the United States in the future; (4) the detainee's employment history; (5) the detainee's record of appearance in court; (6) the detainee's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the detainee's history of immigration violations; (8) any attempts by the detainee to flee persecution or otherwise escape authorities; and (9) the detainee's manner of entry to the United States. *Id.*

When an alien's removal has been stayed pending judicial review of the order of removal, the alien is detained pursuant to the Attorney General's discretionary authority under 8 U.S.C. § 1226(a). *Casas-Castrillon*, 535 F.3d 942, 951 (9th Cir. 2008); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1065-66 (9th Cir. 2008). Procedural due process requires such aliens be afforded an individualized bond hearing before an immigration judge, at which the government bears the burden to prove by clear and convincing evidence that the alien is a flight risk or a danger to the community to justify denial of bond. *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011).

Because the Ninth Circuit has stayed petitioner's removal proceedings pending its review of the administrative removal order, the statutory authority for his detention is 8 U.S.C. § 1226(a).[1] *See Prieto-Romero v. Clark*, 534 F.3d at 1059 ("Because Prieto–Romero filed a petition for review and our court entered a stay, his detention is governed by § 1226(a) . . . ."). The government retains the authority to detain aliens held under § 1226(a) while their cases are stayed pending appeal to the Ninth Circuit because they face a significant likelihood of removal once the judicial and administrative review process is complete. *Casas-Castrillon v. Dep't of*

---

[1] If the Ninth Circuit rejects petitioner's petition for review, the statutory basis for his detention will shift to 8 U.S.C. § 1231. *See Prieto-Romero*, 534 F.3d at 1062 ("[O]nly if we enter a final order denying [Prieto-Romero's] petition for review will the statutory source of the Attorney General's detention authority shift from § 1226(a) to § 1231(a).").

REPORT AND RECOMMENDATION - 4

*Homeland Sec.*, 535 F.3d at 948. Therefore, petitioner is not is not entitled to an automatic order of release.

However, under § 1226(a), the Attorney General has the discretionary authority to release petitioner on bond or conditional parole pending the completion of removal proceedings. In making a bond decision under § 1226(a), an IJ "must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006) (citing *Matter of Patel*, 15 I&N Dec. 666 (BIA 1976)). An IJ may also consider any number of discretionary factors, including:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States.

*Id.*

Petitioner contends that his detention is "excessive." Aliens who face prolonged detention while their petitions for review are pending before the Ninth Circuit are entitled to a bond hearing to contest the necessity of continued detention. *Casas-Castrillon*, 535 F.3d at 949, 951; *Prieto-Romero*, 534 F.3d at 1065-66; *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011); *see also Diouf v. Mukasey*, 634 F.3d 1081, 1085-86 (9th Cir. 2011). The Ninth Circuit has established the following procedural requirements for these so-called *Casas* hearings:  (1) the government must provide contemporaneous records of the hearing; (2) the IJ must place the

REPORT AND RECOMMENDATION - 5

burden of proof on the government; (3) the government must prove by clear and convincing evidence that the continued detention is justified; and (4) the alien's criminal history alone may be insufficient to meet the dangerousness standard that must be met to deny bond and justify detention, but the government need not establish "special dangerousness" to justify denial of a bond. *Singh*, 638 F.3d at 1203-09.

Here, petitioner was granted a second bond hearing on September 22, 2020, after he filed his petition for review in the Court of Appeals. At the second hearing the IJ found the government met its burden by clear and convincing evidence that petitioner's continued detention was justified. In his habeas petition, petitioner asks the Court to order an additional bond hearing. Until recently, Ninth Circuit law required noncitizens detained under § 1226(a) to be provided automatic bond hearings every six months at which the government was required to justify continued detention by clear and convincing evidence. *Rodriguez v. Robbins*, 804 F.3d 1060, 1084-85, 1087 (9th Cir. 2015) ("*Rodriguez III*"), *rev'd sub nom Jennings v. Rodriguez*, 138 S. Ct. 830 (2018).

The Supreme Court reversed, explaining that the Ninth Circuit had misapplied the canon of constitutional avoidance and "[n]othing in § 1226(a)'s text . . . even remotely supports the imposition of" periodic bond hearings where the government bears the burden. *Jennings*, 138 S. Ct. at 847. The Supreme Court did not decide whether the Constitution requires such periodic hearings and remanded to the Ninth Circuit for consideration of that question.

On the facts of this case, the Court concludes due process does not require an additional bond hearing. "Due process is flexible and calls for such procedural protections as the particular situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976). To determine the requirements of due process, courts consider (1) the private interest affected, (2) the

REPORT AND RECOMMENDATION - 6

government's interest, and (3) the value added by alternative procedural safeguards to what has already been provided in the particular situation before the court. *Id.* at 334-35; *see also Lopez Reyes v. Bonnar*, 362 F. Supp. 3d 762, 775 (N.D. Cal. 2019) ("In the absence of binding authority establishing a categorical right to a periodic bond hearing, the Court must conduct an individualized due process analysis pursuant to the conventional [*Mathews*] factors.") (internal quotation marks omitted); *Madrigal v. Nielsen*, No. 18-843, 2018 WL 4732469, at *3 (W.D. Wash. Aug. 31, 2018), *Report and Recommendation adopted*, 2018 WL 4700552 (W.D. Wash. Oct. 1, 2018) (applying *Mathews* due process analysis to determine whether due process required subsequent bond hearing).

Petitioner's freedom from detention is an important interest that "lies at the heart of the liberty that [the Due Process] Clause protects." *Rodriguez III*, 804 F.3d at 1066. Petitioner has been detained since October 7, 2019, but has had two bond hearings, the most recent being just over three months ago. While petitioner has been held for 15 months, the government also has legitimate interests that are implicated by petitioner's continued detention: assuring he will appear if ultimately ordered removed and protecting the public from him given his criminal history. *See Soto v. Sessions*, No. 18-2891, 2018 WL 3619727, at *4 (N.D. Cal. July 30, 2018) (citing 8 C.F.R. § 236.1(c)(8) (allowing release from detention if noncitizen "is likely to appear for any further proceeding" and "would not pose a danger to property or persons")); *Zadvydas*, 533 U.S. at 690-91). Here petitioner was convicted of Felony Stalking – Domestic Violence and Violation of Court Order Domestic Violence. The convictions support the government's position and cuts against petitioner's claims he does not pose a danger to the community.

As to the third factor, Petitioner already has received two individualized bond hearing before an immigration judge and was found after each hearing to be a danger to the community

REPORT AND RECOMMENDATION - 7

and risk of flight. While petitioner disagrees with the finding he fails to present evidence that the IJ committed constitutional or legal error. Petitioner's disagreement with the IJs' s findings do not establish error.

Weighing the three *Mathews* factors above, the Court concludes petitioner has received the due process protections to which he is entitled at this time. Although he has been detained for 15 months, he has received two bond hearings, with the latest being just a few months ago. He fails to identify any change in his circumstances tor legal error that might warrant a different bond determination. *See Lopez Reyes*, 362 F. Supp. 3d at 777 (granting subsequent bond hearing based on evidence of a "material change in circumstances coupled with the passage of time," and noting that the court was "*not* making a finding that the mere passage of time requires a second bond hearing") (emphasis in original).

The Court also notes that in his "Brief in Support of Petition," Dkt. 5, Ex. 1, petitioner avers he is diabetic and that NWPIC "does not have enough space that matches with the state COVID 19 laws." *Id.* To the extent petitioner contends the Court should release him based upon the impact of COVID-19 on the NWPIC, the contention is an argument petitioner has already raised in an earlier habeas petition he filed on May 8, 2020, and which is currently pending before the Honorable James L. Robart. *See* 20-cv-00700-JLR-MLP.  Petitioner is not entitled to raise duplicate claims before different judges and this Court should thus decline to address a claim that is already pending before another judge. The Court accordingly recommends the petition be DENIED and the case be DISMISSED with prejudice.

REPORT AND RECOMMENDATION - 8

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **JANUARY 18, 2021.** The Clerk should note the matter for **JANUARY 22, 2021**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed seven (7) pages. The failure to timely object may affect the right to appeal.

DATED this 4th day of January 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9